## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RICHARD J. WILLIAMS & MARY          :
ANN CLOUD-WILLIAMS, Delaware        :
residents, on behalf and of those   :
similarly situated Delaware Residents :
                                    :
                  Plaintiff,         :
                                    :
v.                                  :          C.A. No. 15-529-LPS
                                    :
ATLANTIC LAW GROUP, LLC,            :
                                    :
                  Defendant.        :


Peter K. Schaeffer, AVENUE LAW, Wilmington, DE

Mark M. Billion, BILLION LAW, Wilmington, DE

      Attorneys for Plaintiffs Richard J. Williams & Mary Ann Cloud-Williams.


Kevin J. Mangan, WOMBLE CARLYLE SANDRIDGE & RICE, LLP, Wilmington, DE

      Attorney for Defendant Atlantic Law Group.


## MEMORANDUM OPINION


March 30, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.      BACKGROUND

Plaintiffs, Richard J. Williams and Mary Ann Cloud-Williams, became delinquent on their home mortgage and filed for bankruptcy under Chapter 13 of the United State Bankruptcy Code. *See In re Williams*, 2014 WL 3584002, at *1 (Bankr. D. Del. July 18, 2014). At the conclusion of their bankruptcy case, they were behind on their mortgage and owed fees and costs associated with their post-petition payments. *Id.* Their loan servicing company, Ocwen Loan Servicing ("Ocwen"), informed them that they owed a $43,383 arrearage. *Id.* at *2. Plaintiffs filed a second Chapter 13 petition. *Id.* Plaintiffs argued that they did not owe an arrearage and requested a trial. *Id.* at *2.

The U.S. Bankruptcy Court for the District of Delaware held a contested hearing to determine the correct amount of the arrearage (the "Bankruptcy Proceeding"). *Id.* at *2. Atlantic Law Group ("Defendant" or "Atlantic") served as counsel for Ocwen. *Id.* at *1. The Bankruptcy Court found that both Plaintiffs and Ocwen had incorrectly calculated the arrearage. *Id.* at *4. The Bankruptcy Court made its own calculation and concluded that the correct amount of the arrearage was $16,164. *Id.* at *4. The Bankruptcy Court awarded Plaintiffs attorneys' fees and costs, but did not sanction or award relief against Atlantic. *Id.*

Plaintiffs subsequently filed a civil complaint against Ocwen (the "Prior Civil Action") in Delaware state court. *Williams v. Ocwen Loan Servicing LLC*, Case No. N-14C-08-035 (Del. Super. Aug. 5, 2014). The Prior Civil Action was then removed to federal court. *See Williams v. Ocwen Loan Servicing LLC*, C.A. No. 14-1096-LPS-CJB (D. Del. filed August 25, 2014).

1

Plaintiffs alleged in the Prior Civil Action that Ocwen "wrongfully, willfully, and/or intentionally misrepresented" the amount Plaintiffs owed, and was thus liable for intentional infliction of emotional distress and violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (C.A. No. 14-1096 D.I. 1-1 at 10)  Ocwen ultimately made an offer of judgment, pursuant to Federal Rule of Civil Procedure 68, which Plaintiffs accepted as "complete and full satisfaction" of all the claims "alleged in their Complaint." (C.A. No. 14-1096 D.I. 55 at 1)

Later, Plaintiffs brought the instant suit against Atlantic.  Again, they originally filed in the Delaware Superior Court, but then Atlantic removed the case to this Court. (*See* D.I. 1-2 at 6)  The complaint here is based on the same underlying conduct as the Prior Civil Action.

In addition to the facts alleged in the Prior Civil Action, the complaint here further alleges that Atlantic, acting as Ocwen's attorney during the Bankruptcy Proceeding, presented a witness who had not calculated the arrearage but nevertheless testified that the $43,383 amount was correct. (D.I. 1-2 at ¶ 6)  Plaintiffs allege that Atlantic's conduct: (1) violated the Fair Debt Collection Practices Act, which prohibits "false, deceptive, or misleading" representations in an attempt to collect a debt; (2) violated Del. Code § 2513, which prohibits businesses from misrepresenting information "in connection with the sale, lease, or advertisement of any merchandise"; (3) constitutes intentional infliction of emotional distress; and (4) constitutes a *prima facie* tort.

Atlantic has moved to dismiss all of the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. (D.I. 3)  The Court heard oral argument on the motion on December 1, 2015. (*See* D.I. 9 ("Tr."))

## II.   LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiffs claim." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported

conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III.   DISCUSSION

Atlantic argues that each of the four counts alleged in Plaintiffs' complaint is barred by some combination of *res judicata*, judicial estoppel, statutes of limitations, or misapplication of the law.

### A.   FDCPA Claim

Plaintiffs allege that Atlantic made false and misleading representations in violation of the Fair Debt Collection Practices Act, 15 § U.S.C. 1692e. Specifically, Plaintiffs allege that Ocwen's "unfounded and incorrect assertion of a material default and pursuit of foreclosure are the cause of these Plaintiffs needing to file bankruptcy." (D.I. 1-1 at ¶ 22) They further allege that Atlantic contributed to Ocwen's false and misleading representations by filing a proof of claim on Ocwen's behalf and by offering testimony of an Ocwen witness. (*Id.* ¶¶ 22-24)

Even taking these alleged facts as true, Plaintiffs' FDCPA claim must be dismissed if, as Atlantic contends, it was brought outside of the statute of limitations period. An FDCPA claim must be brought within one year of the date on which the violation occurred. *See* 15 § U.S.C. 1692k(d). Atlantic filed Ocwen's allegedly-misleading proof of claim in November 2013 and offered Ocwen's allegedly-misleading witness during the Bankruptcy Proceeding on May 15, 2014. (D.I. 5 at 6) Plaintiffs filed this action in state court on May 15, 2015. Thus, Plaintiffs filed their lawsuit within one year of Atlantic's last allegedly-misleading activity, but did not file their lawsuit within one year of Atlantic's first allegedly-misleading activity.

This raises the question of when the statute of limitations for a § 1692e claim begins to run. The Third Circuit addressed this issue in *Glover v. FDIC*, 698 F.3d 139 (3d Cir. 2012). The *Glover* plaintiff, like Plaintiffs here, was a debtor who filed a claim against attorneys for the bank that owned her debt. *See id.* at 142-43. The bank's attorneys failed to suspend their debt collection efforts even after the debtor signed a loan modification agreement that put her back into good standing with the bank. *See id.* at 143. During the litigation, the parties disagreed about the date on which the statute of limitations began to run. *See id.* at 148-49. The bank asserted that it began on the date the modification agreement was signed, while the debtor contended that it only started when the bank's attorneys learned of the modification agreement. *See id.* at 148-49. The Third Circuit sided with the bank, holding that the debtor's claim against the attorneys accrued, and the statute of limitations began to run, on the date the debtor signed her modification agreement. *See id.* at 149-50. The Court explained that, because the FDCPA is a "strict liability" statute, an FDCPA claim arises on the date that a debt collector first makes false or misleading statements in an effort to collect a debt. *See id.* The Court declined to extend the statute of limitations to one year from the date the bank and its attorneys first ***knowingly*** pursued the debt in spite of the modification agreement. *See id.*

It follows from *Glover* that Plaintiffs filed their FDCPA claim outside of the statute of limitations period. Plaintiffs allege that Atlantic ***knowingly*** and ***intentionally*** engaged in false and misleading conduct on the date it filed Ocwen's proof of claim in November 2013. Under *Glover*, this was the date on which Plaintiffs' claim accrued and on which the statute began to run. Under *Glover*, the statute did not begin to run afresh when, later, the bank called a witness to testify during the Bankruptcy Proceeding.

5

Because Plaintiffs' claim accrued in November 2013, the statute of limitations expired in November 2014, yet Plaintiffs did not file their claim until May 2015, the FDCPA claim is barred by the statute of limitations and must be dismissed.[1]

**B.      Prima Facie Tort Claim**

Plaintiffs contend that Atlantic committed a prima facie tort by pursuing Ocwen's miscalculated arrearage.  In Delaware, a prima facie tort is an "intentional harm infliction, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful and which acts do not fall within the categories of traditional tort." *Lord v. Souder*, 748 A.2d 393, 402-03 (Del. 2000) (internal quotation marks omitted).  Delaware courts have explained that a harm is intentionally inflicted when it is "motivated solely by the desire to do injury." *Colbert v. Goodville Mut. Cas. Co.*, 2010 WL 2636860 at *9 (Del. Super. Ct. June 30, 2010) (internal quotation marks omitted).  Thus, if a defendant had "other motives, such as profit, self-interest, or business advantage" for acting the way it did, the defendant cannot be liable in prima facie tort. *See id.*

As Plaintiffs acknowledge, Atlantic sought to collect an arrearage in its capacity as Ocwen's legal representative.  Even taking as true that Atlantic behaved egregiously by ignoring Plaintiffs' protestations about the arrearage and by offering a witness to testify to its incorrect arrearage figure, Plaintiffs have failed to allege facts to show that Atlantic engaged in activities "motivated solely by the desire to do injury," as opposed to the motivation to further its clients'

---

[1]Given the Court's decision, it is not necessary to reach Atlantic's other grounds for seeking dismissal of the FDCPA claim.

debt collection efforts and earn a fee. Accordingly, the complaint fails to adequately allege a prima facie tort and this claim must be dismissed.[2]

### C.      Intentional Infliction of Emotional Distress and Del. Code § 2513 Claims

Atlantic argues that claim preclusion (res judicata) bars Plaintiffs' intentional infliction of emotional distress and Del. Code § 2513 fraud claims. "Claim preclusion gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." *Corestates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (internal quotation marks and emphasis omitted). Claim preclusion bars a lawsuit where in the prior lawsuit there was a final judgment on the merits, the prior suit involved the same parties or their privies, and the present suit is based on the same causes of action as the prior suit. *See United States v. Athlone Indus.*, Inc., 746 F.2d 977, 983 (3d Cir. 1984).

The judgment entered in Plaintiffs' Prior Civil Action against Ocwen plainly meets the first two elements of this test. Because consent judgments are final judgments on the merits, the Rule 68 judgment that ended the Prior Civil Action satisfies element 1. *See Bd. of Trs. of Trucking Emps. of N.J. Welfare Fund, Inc.-Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992) (stating "judgments entered by consent are final judgments on the merits" for purposes of claim preclusion) (internal quotation marks omitted). Next, the parties agree that, with respect to Plaintiffs' intentional infliction and Del. Code § 2513 claims, there was privity between Atlantic and Ocwen, and therefore the second element of the test is satisfied. (*See* Tr. at 34; D.I 4 at 14)

---

[2]Given the Court's decision, it is not necessary to reach Atlantic's other grounds for seeking dismissal of the prima facie tort claim.

Thus, claim preclusion bars Plaintiffs' intentional infliction and § 2513 claims if their claims are based on the "same causes of action" as their Prior Civil Action against Ocwen.  The Third Circuit has explained that, "[i]n deciding whether two suits are based on the same 'cause of action,' [it is proper to] take a broad view, looking to whether there is an essential similarity of the underlying events giving rise to the various legal claims." *Corestates* 176 F.3d at 194, (quoting *Athlone*, 746 F.2d at 984).  Hence, courts must consider "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same." *Athlone*, 746 F.2d at 984 (internal citations and emphasis omitted).

As applied here, these factors support a finding of claim preclusion.  Plaintiffs' complaint in this action relates to the same acts as those that were the basis for their Prior Civil Action against Ocwen: Ocwen's efforts to collect a miscalculated arrearage.  Plaintiffs' theories of recovery are essentially the same in both suits.  In the Prior Civil Action, they sought monetary relief for intentional infliction of emotional distress and damages incurred as a result of false and misleading statements. *See Williams v. Ocwen Loan Servicing LLC*, C.A. No. 14-1096-LPS-CJB D.I. 1-1 (D. Del. filed August 25, 2014).  In this case, they again allege intentional infliction of emotional distress and seek damages incurred as a result of false and misleading statements. (D.I. 1 at 14–16)  Third, the evidence needed to support Plaintiffs' claims here – including documents relating to the arrearage and testimony from Ocwen witnesses and from Plaintiffs –

8

would have been sufficient to support Plaintiffs' claims in the Prior Civil Action.  Finally, the facts material to each suit are the same: that Ocwen, through its agent, pursued an arrearage that the Bankruptcy Court later found to be unsupported by facts.  Because each of the factors set forth in *Athlone* supports a finding of claim preclusion, the Court finds that claim preclusion applies.  Therefore, the Court will dismiss Plaintiffs' intentional infliction of emotional distress and Delaware § 2513 claims.[3]

## IV.   CONCLUSION

Each of Plaintiffs' claims must be dismissed for failure to state a claim on which relief may be granted.  An appropriate Order follows.

---

[3]Given the Court's decision, it is not necessary to reach Atlantic's other grounds for seeking dismissal of the intentional infliction of emotional distress and Delaware § 2513 claims.